Wright, J.,
delivered the opinion of the Court.
The principle of the cases of Perkins v. Hyde, 6 Yer., 288, and Allen v. Dodd, 4 Hum., 131, governs this. In wagering contracts, when the impending event is undecided, and after the event, as against a stakeholder who has been notified not to pay the thing lost to the winner, the owner may come and disaffirm the contract, and recover his property. This is so, upon common law principles, which allowed him to repent, pending the event and before the illegal contract was executed. Parker here, before the election, disaffirmed the contract, and notified Taylor, the stakeholder, not to pay over the money deposited; and of this he notified Guthman. And yet, in defiance of this notice, he received the money from Taylor. He cannot be permitted to retain it, and must, upon the authority of the above cases, be held to have received it to the use of Parker.
In this view of the case, it is obvious the act of 1799, ch. 8, sec. 4, limiting suits brought for the recovery of money or *235 property lost at gaming to ninety days from the payment or delivery of the property, can have no application. The action rests upon common law principles; and so the cases of Perkins v. Hyde and Allen v. Dodd hold.
There is nothing in this record to show that Parker ever received the watch, or where it is; nor is any question made in reference to it. We are therefore relieved from considering, what effect, if any, it would have upon the action, if it appeared he still retained it, and had not offered to restore it to Guthman.
The judgment of the Circuit Court will be affirmed.